UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMAIL D. ZIEGLER,

                    Petitioner,

vs.                                     Case No. 3:11-cv-1099-J-39JRK

SECRETARY, DOC, et al.,

                    Respondents.

_____

**ORDER**

**I.  STATUS**

Petitioner Jamail D. Ziegler filed a Petition for Writ of Habeas Corpus (Petition) (Doc. 1) under 28 U.S.C. § 2254, and the Petition challenges a 2009 state court (Duval County) conviction for possession of a firearm by a convicted felon.  Petition at 1. Petitioner raises six grounds for habeas relief.[1]

Respondents submitted an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 17), as well as Exhibits in support thereof.[2]  Respondents calculate the Petition is timely filed. Response at 6.  Petitioner filed a Reply to the State's Response (Doc. 21).  See Order (Doc. 7).

_____

[1] The Court will address each ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013), but no evidentiary proceedings are required in this Court.

[2] The Court hereinafter refers to the Exhibits (Doc. 17) as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the particular document will be referenced.

## II.   STANDARD OF REVIEW

In this action, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011).  The designated three exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 785.

In this Court's review, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Also, this presumption applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

## III.   PROCEDURAL HISTORY

The following pertinent history transpired.  On April 15, 2008, Petitioner was charged by information with possession of a firearm by a convicted felon, and two counts of resisting an officer without violence.  Ex. 3.  The state filed a Notice of

Intent to Classify Defendant as an Habitual Felony Offender.   Ex. 4.   The state nol prossed counts two and three.   Ex. 5 at 171.

The jury trial began on March 17, 2009.   Ex. 7.   On March 17, 2009, the jury returned a verdict of guilty to possession of a firearm by a convicted felon.   Id. at 240.   The jury found the Petitioner actually possessed a firearm during the commission of the offense.   Id.; Ex. 9.   Petitioner moved for a new trial.   Ex. 10 at 109-10.   The trial court denied the motion.   Id. at 111; Ex. 11 at 160.   On April 23, 2009, the trial court conducted its sentencing proceeding.   Ex. 11.   The court adjudicated Petitioner guilty and sentenced him to thirty years of imprisonment as a habitual felony offender, with a three-year minimum mandatory sentence.   Id. at 161-64.

Petitioner appealed his conviction.   Ex. 14 at 134.   He raised one ground on direct appeal, claiming the trial court erred in denying the motions for judgment of acquittal.   Ex. 15.   The state answered.   Ex. 16.   On December 30, 2009, the First District Court of Appeal per curiam affirmed.   Ex. 17.   The mandate issued on January 15, 2010.   Id.

On October 15, 2010, Petitioner filed a 3.850 Motion for Post-Conviction Relief.   Ex. 18.   On November 9, 2010, Petitioner filed an amended Rule 3.850 motion.   Ex. 26.   The court ordered a response.   Ex. 27.   The state responded.   Ex. 28.   On May 17, 2011, the circuit court entered an Order Denying Defendants' Motion and

Amended Motion for Postconviction Relief.  Ex. 29.  Petitioner appealed.  Ex. 30.  He filed an appeal brief.  Ex. 31.  The state filed a notice that it did not intend to file an answer brief.  Ex. 32.  Petitioner filed a reply brief.  Ex. 33.  On August 26, 2011, the First District Court of Appeal affirmed per curiam.  Ex. 34.  On September 9, 2011, Petitioner moved for rehearing and rehearing en banc.  Ex. 35.  The First District Court of Appeal denied the motion.  Id.  The mandate issued on October 27, 2011.  Ex. 34.

On November 5, 2010, Petitioner filed a Rule 3.800(a) motion in the circuit court.  Ex. 19.  He filed an amended motion on November 9, 2010.  Ex. 20.  The circuit court, on March 29, 2011, entered an Order Denying Defendant's Motion to Correct Illegal Sentence.  Ex. 21.  Petitioner appealed.  Ex. 22.  He filed an appeal brief.  Ex. 23.  The state filed a notice that it did not intend to file an answer brief.  Ex. 24.  On July 13, 2011, the First District Court of Appeal affirmed per curiam.  Ex. 25.  The mandate issued on August 9, 2011.  Id.

## IV.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Ground One

Ground One of the Petition is: "[w]hether the trial court erred in denying Petitioner due process right when they deny Petitioner motion for judgment of acquittal."  Petition at 4.  The trial court record shows that defense counsel made a motion for judgment of acquittal at the close of the state's case:

MR. ARMSTRONG: Your Honor, at this time the defense would move for a judgment of acquittal.  Taking the evidence presented in the light most favorable to the State, the State has failed to establish that Jamail Ziegler, on February 15th, 2008, in Duval County, did actually possess a firearm, to wit: A handgun, after having been convicted of a felony in the courts of the State of Florida, contrary to Florida Statute. I would argue the State has failed to establish actual possession.  Although there's DNA evidence in the case, I would argue that both of the witnesses that chased Mr. Ziegler did not observe Mr. Ziegler with a handgun and lost sight of him and there was no weapon found on Mr. Ziegler when he was apprehended.  So I would argue the State has failed to establish that.

THE COURT: Any response?

MR. MANTEI [the prosecutor]: Yes, Your Honor. I think in the light most favorable to the State, the evidence suggests that this defendant, along the path that he fled, was found with the firearm in question that happened to have his DNA on it.  So although actual possession hasn't been testified by eyesight, the behavior before the pursuing Marshals, that is that he reached into his waistband and the items found in close proximity to his path with the DNA evidence on it could certainly lead the jury to find that he possessed that gun.

THE COURT: I'll deny the motion for judgment of acquittal and find that the evidence taken in the light most favorable to the State has presented a prima facie case.

Ex. 7 at 189-91.  The trial court denied the renewed motion for

judgment of acquittal as well.  Id. at 194.

A denial of a motion for judgment of acquittal ordinarily

presents a state law claim.  It only arises to the level of a claim

- 5 -

of constitutional dimension if it is asserted that the evidence was insufficient to support the conviction, and as a result of the deficiency, there was a violation of due process of law.  Although Petitioner now couches his claim in terms of denial of due process of law, on direct appeal he asked:  "[w]hether the trial court erred in denying the motions for judgment of acquittal."  Ex. 15 at i.

Respondents assert that Petitioner failed to advance his due process claim in the state court proceedings.  Response at 12-15. In addressing the question of exhaustion, the Court must ask whether the claim was raised in the state court proceedings and whether the state court was alerted to the federal nature of the claim.  Baldwin v. Reese, 541 U.S. 27, 32 (2004).  Upon review, Respondents' assertion that Petitioner did not exhaust his federal due process claim is supported by the record.  Petitioner did not raise a claim of denial of due process of law pursuant to the Fourteenth Amendment to the United States Constitution in the state court proceedings.

Therefore, upon careful review and consideration of the state court record, the Court finds Petitioner did not fairly present his federal constitutional claim of denial of due process of law to the state courts.  Indeed, he did not sufficiently alert the state courts to the federal nature of his claim.  Therefore, the Court finds the due process claim raised in ground one is unexhausted and procedurally defaulted.  Petitioner has not shown cause and

prejudice, nor has he shown that there would be a fundamental miscarriage of justice if ground one is not addressed on its merits. Thus, the Court will apply the state procedural bar to ground one and not review it on its merits.

In the alternative, Petitioner is not entitled to habeas relief on ground one. The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998). "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Thompson, 118 F.3d at 1448.

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner committed the offense of possession of a firearm by a convicted felon. Petitioner stipulated he was a convicted felon. Ex. 7 at 23. He also stipulated that the gun introduced into evidence constituted a firearm. Id. at 101. While Petitioner did not stipulate to possession of the firearm, a rational jury

considering the circumstantial evidence of Petitioner's path of flight, the location of the discovered firearm relative thereto, the timing of the discovery of the firearm and the DNA evidence could reasonably find possession beyond a reasonable doubt. Finally, considering each of these matters, any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense of possession of a firearm by Petitioner, a convicted felon.

Thus, to the extent the claim was raised in the federal constitutional sense, and to the extent that the federal constitutional claim was addressed, the state court's rejection of this ground is entitled to deference as required pursuant to AEDPA. See Ex. 17. The adjudication of the state appellate court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground one because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 15-23.

**B.   Ground Two**

In ground two, Petitioner claims he received the ineffective
assistance of trial counsel for "failure to challenge the factually
incorrect information filed by; the state to obtain probable cause
and institute subject matter jurisdiction." Petition at 8.  Simply
stated, Petitioner complains that the information was not based
upon the sworn testimony of a material witness.   Id.

Generally, Petitioner asserts that he received the ineffective
assistance of counsel in violation of the Sixth Amendment to the
United States Constitution.   In order to prevail on this Sixth
Amendment claim, he must satisfy the two-pronged test set forth in
Strickland v. Washington, 466 US. 668, 688 (1984), requiring that
he show both deficient performance (counsel's representation fell
below an objective standard of reasonableness) and prejudice (there
is a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different).

In ground two, Petitioner claims trial counsel was ineffective
for failure to attack an unverified information.   Specifically,
Petitioner complains that the information was unsupported by a
sworn affidavit from a material witness.   The trial court denied
this ground stating:

> In ground one, Defendant asserts counsel
> rendered ineffective assistance by failing to
> file a motion to dismiss, alleging the Court
> lacked subject matter jurisdiction based on a
> defect in the Information.  (Exhibit "C.") He
> alleges the Assistant State Attorney (ASA) who
> filed   the   Information   did   not   receive

- 9 -

testimony from a material witness for the
offense. Defendant seems to argue that
because the arresting officers did not arrest
Defendant in actual possession of the firearm,
and instead found the firearm in Defendant's
flight path, the officers were precluded from
testifying for the purposes of issuing the
Information. (Exhibits "C," "D.")

Counsel cannot be ineffective for failing
to file a motion which would have been
properly denied. Branch v. State, 952 So.2d
470, 476 (Fla. 2006).

The Court finds that Counsel did not
provide ineffective assistance when he failed
to file a motion to dismiss because the motion
would have been denied since the Court had
subject matter jurisdiction. Florida Rule of
Criminal Procedure 3.140(g) requires the ASA
to state "his or her good faith in instituting
the prosecution and certifying that he or she
has received testimony under oath from the
material witness or witnesses for the
offense." The arresting officers were
material witnesses for the offense and thus
able to testify for the purposes of issuing
the Information. (Exhibits "C," "D.") The
fact that Defendant did not have actual
possession of the firearm when he was arrested
does not affect the status of the arresting
officers as material witnesses. Accordingly,
the Court had subject matter jurisdiction and
a motion to dismiss would have been denied.
Branch, 952 So.2d at 476.

Additionally, to the extent Defendant
appears to be attempting to challenge the
sufficiency of the evidence against him,
Defendant may not challenge the admissibility,
validity, or sufficiency of the evidence
against him in a motion seeking post
conviction relief. Betts v. State, 792 So.2d
589 (Fla. 1st DCA 2001); Jackson v. State, 640
So.2d 1173 (Fla. 2d DCA 1994). Accordingly,
ground one is denied.

Ex. 29 at 190-91.

Upon review of the record, the state filed an information on April 15, 2008. Ex. 3. The Arrest and Booking Report contains the sworn document by a law enforcement officer. Ex. 2 at -2-3. The information is signed by the Assistant State Attorney and contains the following:

> Personally appeared before me, MATTHEW P. O'KEEFE BAR # 0150266, Assistant State Attorney, for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, who is personally known to me, and who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged, and that this prosecution is instituted in good faith, and hereby certifies that testimony under oath has been received from the material witness(es) for the offense.

Ex. 3 at 10.[3]

Based on all of the above, Petitioner is not entitled to habeas corpus relief on a claim of ineffective assistance of counsel for failure to attack the information. The sworn oath of the prosecutor that he or she received testimony under oath from the material witness or witnesses for the offense is sufficient under Florida law. Bromell v. McNeil, No. 07-61917-CIV, 2008 WL 4540054, at *17 (S.D. Fla. Oct. 10, 2008) (not reported in F.Supp.2d); Ruiz v. Sec'y, Dep't of Corr., No. 8:06-cv-2086-T-

---

[3] Assuming the information had been dismissed, the state would have simply cured the deficiency by filing a new information. Petitioner has not, and cannot, allege the information fails to state a crime. Therefore, the trial court was not deprived of jurisdiction.

- 11 -

17TGW, 2008 WL 786327, at *4-*5 (M.D. Fla. Mar. 20, 2008) (not reported in F.Supp.2d) (rejecting a claim of ineffective assistance of counsel for failure to move for dismissal based on a deficient information, unsupported by a sworn statement of a material witness).  In <u>State v. Perkins</u>, 977 So.2d 643, 646 (Fla. 5th DCA 2008), the court explained that an assistant state attorney signing the information charging a felony does not have to personally administer the oath and question the material witness or witnesses upon which the charges are based, but must simply receive and consider the sworn testimony.

Petitioner is not entitled to relief on ground two of the Petition, the claim of ineffective assistance of trial counsel. <u>See</u> Response at 25-32.  Deference, under AEDPA, should be given to the state courts' decisions.  Petitioner raised the issue in his post conviction motion, the trial court denied the motion, and the appellate court affirmed.  The state courts' adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.

### C.  Ground Three

In his third ground, Petitioner claims his trial counsel was ineffective for "adopting a do nothing strategy[,]" relying on the state's information.  The trial court denied this claim:

> To the extent Defendant's Motion is comprehensible, it appears Defendant asserts counsel rendered ineffective assistance when counsel failed to motion the Court to release

Defendant on his own recognizance pursuant to Florida Rule of Criminal Procedure 3.133(b).

"A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding." Fla. R. Crim. P. 3.133(b)(1).

Defendant was arrested on February 15, 2008, for crimes unrelated to the instant case. (Exhibit "F.") While in custody for the February 15, crimes, the instant charges were added on March 31, 2008. (Exhibit "D,") Thus he was in [sic] arrested for the new charges on March 31, 2008. The State filed a three count Information against the Defendant on April 16, 2008. (Exhibit "C,") The State filed the Information within the allotted 21 day time period, which began on March 31, 2008. Therefore, Defendant was not entitled to an adversary preliminary hearing. Fla. R. Crim. P. 3.133(b)(1). Accordingly, there was no error when counsel failed to motion the Court to release Defendant on his own recognizance pursuant to Rule 3.133(b). Strickland, 466 U.S. 668.

Defendant also alleges counsel was ineffective for failing to file a motion to dismiss the charges, alleging there were no material eye witnesses to the alleged crime of Possession of a Firearm by a convicted felon. As discussed under ground one, the arresting officers were material witnesses for the offense and able to testify for the purposes of issuing the Information. Thus, the Court had jurisdiction over the Defendant's crime and a Motion to Dismiss would have been denied. Counsel cannot be ineffective for failing to file a motion which would have been properly denied. Branch v. State, 952 So.2d 470, 476 (Fla. 2006). Ground seven is denied.

Ex. 29 at 195-96.

In denying Petitioner's post-conviction motion, the trial court concluded that defense counsel was not ineffective. The First District Court of Appeal affirmed the trial court's decision. Ex. 34. Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided. Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

Petitioner is not entitled to relief on ground three of the Petition, the claim of ineffective assistance of trial counsel. See Response at 33-42. Deference under AEDPA should be given to the state courts' decisions. Petitioner raised the issue in his Rule 3.850 motion, the trial court denied the motion, and the appellate court affirmed. The state courts' adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts.

Alternatively, to the extent Petitioner is attempting to raise a different ground, he is still not entitled to habeas relief. Although Petitioner's claim is not a model of clarity, Respondents attempt to explain Petitioner's alternative claim:

> Petitioner seems to reason that had counsel in the instant case number 2008-CF-4756 moved for an adversarial preliminary hearing in case number 2008-CF-2388, such would have revealed that there was no probable

> cause to support issuance of the arrest
> warrant. (Doc. 1, p. 12-15). Therefore, as
> Petitioner's reasoning goes, the officers'
> attempt to arrest him February 15, 2008 on an
> invalid warrant in case number 2008-CF-2388
> was unlawful and everything related thereto
> which gave rise to case number 2008-CF-4756,
> was subject to suppression. (Doc. 1, p. 12-
> 15).

Response at 33-34.

Significantly, Petitioner concedes that the new charges, from March 31, 2008, were timely filed within the twenty-one day time period. Petition at 13. However, Petitioner is claiming that "defense counsel could have moved the trial court to suppress the only evidence in which the state relyed [sic] upon to convict the petitioner of (possession of firearm by a convicted felony [sic]) which consist[s] of the allege[d] firearm that were [sic] found with petitioner['s] DNA on the trigger, on the fact that probable cause was insufficient to support the allege[d] arrest warrant, which any and all evidence obtain[ed] on date of arrest should have been suppressed as the fruit of the poisonous tree." Petition at 14.

Apparently, Petitioner is claiming that his counsel failed to properly litigate a Fourth Amendment claim in the trial court in his other case, case number 2008 CF-2388. See Response at 36-37. Petitioner references the Affidavit for Arrest Warrant executed by Detective S. C. Rudlaff on January 22, 2008. Petition at 13.

In pertinent part, the Affidavit states:

Your Affiant is a detective with the Jacksonville Sheriff's Office Aggravated Battery Unit, with 10 years of Law Enforcement Experience. On 01-21-2008 at approximately 1645 hours, the victim, Tarzan Tomlin, was standing in front of 2818 Maplewood Street in Jacksonville Florida, when he was approached by susepct [sic], Jamail Ziegler. The victim, Tarzan Tomlin, indicated that the suspect threatened to kill him and his son and then struck him in the head with a semi-automatic handgun. The incident was observed by an independent witness who was talking to the victim Tarzan Tomlin. On 01-22-2008 at 1345 hours, the victim Tarzan Tomlin and witness were shown separate photo line-ups consisting of six pictures. Victim Tomlin and the witness both positively identified the suspect out of the photo line-up. The witness advised that she saw the suspect, Jamail D. Ziegler, with the handgun hanging out of his right jacket pocket. The witness advised that she turned away when the suspect hit the victim, but heard the suspect making threats to the victim.

The victim was treated by Jacksonville Fire Rescue, and remained at the scene for interview. Your affiant observed injuries on the victim which corroborated the victim's version of the incident. The suspect is a convicted felon, having been sentenced on February 1, 2006, to serve 27 months FSP for Shooting and Throwing Deadly Missiles.

Petitioner's Exhibit D (Doc. 1-1 at 14).

State circuit court Judge Peter J. Fryefield entered an Arrest Warrant on January 22, 2008, relying on the sworn affidavit of Detective Rudlaff, finding probable cause to believe that Petitioner, on January 21, 2008, committed aggravated battery with a deadly weapon, aggravated assault with a firearm, and possession of a firearm by a convicted felon. Id. at 13.

Of import,

> The Fourth Amendment protects people against "unreasonable searches and seizures." U.S. Const. Amend. IV. Generally, evidence obtained as a result of an unreasonable search or seizure is not admissible. United States v. Noriega, 676 F.3d 1252, 1259 (11th Cir. 2012). The reasonableness of a seizure or arrest under the Fourth Amendment turns on the presence or absence of probable cause. United States v. Lopez-Garcia, 565 F.3d 1306, 1314 (11th Cir. 2009). Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime. Id.

United States v. Rucker, No. 13-13527, 2014 WL 5334196, at *2 (11th Cir. Oct. 21, 2014) (per curiam) (not selected for publication in the Federal Reporter).

In this instance, prior to the issuance of the arrest warrant, the detective received information "sufficient to warrant a reasonable belief" that Petitioner committed crimes. Id. at *3. See Brinegar v. United States, 338 U.S. 160, 175-76 (1949) ("Probable cause exists where 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed.") (citation and footnote omitted). Of note, probable cause deals with probabilities, not proof beyond a reasonable doubt or by a preponderance of the evidence.

- 17 -

Because there was probable cause to arrest Petitioner, his arrest was not an unreasonable seizure; therefore, counsel was not ineffective for failure to file a motion to suppress.   Indeed, Petitioner has not shown that a reasonable probability exists that the outcome of the other proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided.   Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.  See Response at 36-42.

Again, the decisions of the state courts are entitled to deference under AEDPA.   The decisions involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.   Therefore, Petitioner is not entitled to relief on ground three, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### D.  Ground Four

In ground four, Petitioner claims his trial counsel was ineffective for failure to "call a DNA expert on the behalf of

Defendant."[4]    Petition  at  15.    The  circuit  court  thoroughly addressed this ground and held:

> In ground six, Defendant asserts that counsel provided ineffective assistance when he failed to call a DNA expert on behalf of the Defendant.  Defendant alleges a DNA expert would have established that there were three individuals' DNA, including the Defendant's, on the firearm.  An expert would also have established how long Defendant's DNA was on the firearm.
>
> The Court notes the Defendant's argument has no merit.  First, an expert witness would not have affected the outcome of the case. Defendant wanted an expert to testify that there was DNA from multiple individuals on the firearm and that it was not possible to determine how long the DNA might have been on the firearm.  Both of these conclusions were addressed at trial.  (Exhibit "E," pages 145-148; 158).  Had counsel had an expert witness examine the DNA and testify at trial, the evidence would have been cumulative, and counsel is not ineffective for failing to present cumulative evidence.  See Brown v. State, 894 So.2d 137, 148 (Fla. 2004). Furthermore, the proposed expert testimony would not exonerate the Defendant, because Defendant's DNA was still present on the firearm.  See Bolin v. State, 41 So.3d 151, 159 (Fla. 2010); see also Marquard v. State, 850 So.2d 417, 427 (Fla. 2002) (denying ineffective assistance claim for failing to call witness when counsel believed the witness would not exonerate the defendant).

Ex. 29 at 194.

The court continued:

> Additionally, the Defendant told the trial Court that there were no other witnesses that he wished counsel to call. (Exhibit "E,"

_____

[4] Deoxyribonucleic acid (DNA).

- 19 -

191-193).  Defendant is thus bound by his
sworn answers during the colloquy.  <u>Terrell v.</u>
<u>State</u>, 9 So.3d 1284, 1289 (Fla. 4th DCA 2009);
<u>see</u> <u>also</u> <u>Iacono v. State</u>, 930 So.2d 829 (Fla.
4th DCA 2006) (holding that defendant's sworn
statements to court during plea colloquy
conclusively refuted his postconviction claim
that medication rendered him unable to
understand his plea, and thus, his claim was
legally insufficient to warrant an evidentiary
hearing).  Accordingly, Defendant has not
shown that counsel's failure to call a DNA
expert witness was outside the wide range of
reasonable professional assistance that would
give rise to error.  <u>Strickland</u>, 466 U.S. 668.
Ground six is denied.

<u>Id</u>. at 194-95.

In evaluating the performance prong of the <u>Strickland</u>
ineffectiveness inquiry, the Court recognizes that there is a
strong presumption in favor of competence.  The inquiry is
"whether, in light of all the circumstances, the identified acts or
omissions were outside the wide range of professionally competent
assistance."  <u>Strickland</u>, 466 U.S. at 690.  "[H]indsight is
discounted by pegging adequacy to 'counsel's perspective at the
time' . . . and by giving a 'heavy measure of deference to
counsel's judgments.'"  <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005)
(citations omitted).

In light of all the circumstances, defense counsel's
performance was not outside the wide range of professional
competence.  <u>See</u> Response at 42-44.  Furthermore, Petitioner has
failed to satisfy the prejudice prong of <u>Strickland</u>.  Upon review,
there was no unreasonable application of clearly established law in

the state court's decision to reject the <u>Strickland</u> ineffectiveness claim. The decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground four.

Of significance, Petitioner concedes that this claim of ineffective assistance of counsel has no merit because he stated on the record and advised the trial court that there were no other witnesses that he wished counsel to call to testify at trial. Petition at 16. However, Petitioner now asserts that the focus of his claim of ineffective assistance of counsel was actually based on counsel's failure to request that the trial court conduct a <u>Frye</u>[5] hearing prior to allowing the state to call its DNA expert witness and seek admission of the DNA evidence. <u>Id</u>.

In Defendant's Amended Motion for Post Conviction Relief 3.850, Petitioner identified his claim as: "Counsel was ineffective for not calling a DNA expert on the behalf to [sic] the Defendant." Ex. 26 at 80. Petitioner urged the circuit court to find that his attorney was ineffective for leaving Petitioner's case "with no expert rebuttal testimony regarding the possession of the alleged weapon." <u>Id</u>. at 81. Petitioner did, in passing, mention that counsel "could have motioned the Trial Court for a pre-trial 'Frye Hearing[.]'" <u>Id</u>. No further mention was made of a

---

[5] <u>Frye v. United States</u>, 293 F. 1013 (D.C. Cir. 1923).

_Frye_ hearing in this ground.   In his conclusion, Petitioner reiterated that he was asserting that his counsel was ineffective for failure to procure an expert for rebuttal testimony.   _Id_. at 83.

The circuit court applied the appropriate standard, and found Petitioner was not entitled to post conviction relief.   The appellate court affirmed the circuit court's decision.   Thus, the decision to deny this ground is entitled to AEDPA deference.

Moreover, even if counsel has requested a _Frye_ hearing, Petitioner has not alleged or shown that the DNA evidence would have been inadmissible even if counsel had taken the action Petitioner states counsel should have undertaken.   _See_ Response at 46-50.   Although Florida adheres to the _Frye_ standard in determining the admissibility of novel scientific evidence, _Flanagan v. State_, 625 So.2d 827, 828 (Fla. 1993), _Marsh v. Valyou_, 977 So.2d 543, 547 (Fla. 2007), by 2008,[6] STR (short tandem repeat) and PCR (polymerase chain reaction) methodologies were generally accepted by the scientific community and were no longer subject to _Frye_ testing.   _See_ _Zack v. State_, 911 So.2d 1190, 1198 n.3 (Fla. 2005) (per curiam) (concerning the previously accepted PCR methodology); _Overton v. State_, 976 So.2d 536, 535 (Fla. 2007) (per curiam) (accepting STR methodology).   Therefore, counsel's performance was not deficient for failure to request a _Frye_ hearing

---

[6] The offense was committed on February 15, 2008.   Ex. 3 at 10.

concerning these methodologies.  Furthermore, Petitioner has failed
to satisfy the prejudice prong of the <u>Strickland</u> two-part test.  In
conclusion, Petitioner is not entitled to habeas relief on ground
four of the Petition.

### E.  Ground Five

In his fifth ground, Petitioner claims defense counsel was
ineffective for failure to file a proper pretrial motion.  Petition
at 18.  The circuit court addressed this ground and said:

> To the extent Defendant's Motion is
> comprehensible, it appears Defendant asserts
> counsel rendered ineffective assistance when
> counsel failed to motion the Court to release
> Defendant on his own recognizance pursuant to
> Florida Rule of Criminal Procedure 3.134.
> Defendant avers he was in county jail for 60
> days before the State formally charged him
> with a crime.
>
> "The state shall file formal charges on
> defendants in custody by information, or
> indictment, or in the case of alleged
> misdemeanors by whatever documents constitute
> a formal charge, within 30 days from the date
> on which the defendants are arrested or from
> the date of the service of capiases upon
> them." Fla. R. Crim. P. 3.134.

Ex. 29 at 196.

The court explained:

> As discussed under ground seven,
> Defendant was arrested on February 15, 2008,
> for crimes unrelated to the instant case.
> (Exhibit "F.") While in custody for the
> February 15 crimes, the instant charges were
> added on March 31, 2008.  (Exhibit "D.") Thus
> he was in [sic] arrested for the new charges
> on March 31, 2008.  The State filed a three
> count Information against the Defendant on
> April 16, 2008.  (Exhibit "C.") The State

- 23 -

> filed the Information within the allotted time
> period as set forth in Rule 3.134 and
> therefore he was not entitled to any remedies
> under the rule.   There was no error when
> counsel failed to motion the Court to release
> Defendant on his own recognizance pursuant to
> Rule 3.134 and ground eight is denied.
> <u>Strickland</u>, 466 U.S. 668.

<u>Id</u>. at 196-97.

Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided.   Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.   Indeed, there was no unreasonable application of clearly established law in the state court's decision to reject the <u>Strickland</u> ineffectiveness claim.

The decision rejecting the claim of ineffective assistance of trial counsel is entitled to deference under AEDPA.   The adjudication of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.   Therefore, Petitioner is not entitled to relief on ground five of the Petition, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings.  See Response at 50-52.

Once again, Petitioner concedes that he was not entitled to relief based on this ground.  Petition at 19.  Instead, Petitioner claims that his attorney misadvised him by recommending that Petitioner agree to a continuance, allowing the state to build its case against Petitioner.  Id.  Petitioner presented this claim in his Amended Rule 3.850 motion.  Ex. 26 at 88-89.

More specifically, on appeal of the denial of the post conviction motion, Petitioner explained that he was alleging counsel performed poorly as exhibited by the fact that when the state moved for a continuance on October 23, 2008, due to its need to obtain lab results, counsel advised Petitioner to sign a waiver and allow a continuance of the trial.  Ex. 31 at 17.  Petitioner referenced and attached to his appeal brief the state's Motion for Continuance seeking a continuance from the October 27, 2008 trial date.  Id., Exhibit B.  In the Motion for Continuance, the state mentioned that Petitioner previously requested a continuance without objection from the state.  Id.

Of note, the state submitted swabs for DNA analysis on April 1, 2008, and still had not received the test results by October 23, 2008.  Id.  The state informed the court that "[t]he results of that DNA testing may be crucial to the presentation of the State's case.  If the State is forced to proceed to trial the week of

October 27th without those results, it would be detrimental to the State's case." Id.

Based on the record before the Court, the trial court, in its discretion, granted several motions for continuance. Petitioner moved for a continuance on August 14, 2008, which was granted. Ex. 42. The state moved for a continuance on October 23, 2008, which was granted. Ex. 43. On February 12, 2009, the state moved for a continuance based on the fact that some of its witnesses were going to be attending a training session, and the trial court granted the motion without objection from the defense. Ex. 44.

Under these circumstances, Petitioner has not shown that counsel's performance was outside the wide range of professional competence. Also, Petitioner has not shown prejudice because he has not established that, if counsel had objected to the October 23, 2008 motion for continuance, there is a reasonable probability that the trial court would have denied the state's motion for continuance, particularly since the motion for continuance was well-founded as the state had not obtained the results from the DNA lab tests. The unlikelihood of the trial court denying a motion for continuance is supported by the fact that later on, on February 12, 2009, the trial court, in its discretion, granted another motion for continuance when the state notified the court there was a conflict with the training schedule of some of the state's witnesses. In the present case, the Court concludes that there has been no showing of prejudice since Petitioner has failed to

establish that had counsel objected to the state's motion for a continuance it would have produced a different result.

Petitioner has not satisfied the performance or prejudice prongs of the Strickland two-pronged ineffective assistance of counsel test. Therefore, Petitioner is not entitled to habeas relief on ground five. See Response at 53-56.

### F.  Ground Six

In his sixth and final ground, Petitioner claims a due process violation, asserting he has been illegally sentenced as a habitual felony offender because he does not actually qualify for habitual felony offender status. Petition at 20. On January 21, 2009, the state filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender. Ex. 4. On April 23, 2009, the trial court conducted its sentencing hearing. Ex. 11. Petitioner, through his counsel, stipulated to the prior judgments and sentences. Id. at 150. The court concluded that Petitioner had the two requisite prior felony convictions, with the most recent adjudication falling within the five-year window preceding the date of the instant offense. Id. at 151-52. Designated an habitual felony offender, Petitioner was sentenced to thirty years in prison. Id. at 163. Judgment and Sentence were entered on April 23, 2009. Ex. 13.

Petitioner raised this issue in a 3.800(a) Motion to Correct Illegal Sentence. Ex. 20. The trial court summarized Petitioner's claim:

In ground two, Defendant asserts that his sentence is illegal because he was improperly habitualized where one of his prior felonies was for possession of a controlled substance, contrary to Florida Statute section 775.084(1)(a)(3) (2008).

"[A] habitual offender sentence is illegal for purposes of rule 3.800(a) only if: (1) the terms or conditions of the sentence exceed those authorized by section 775.084 for the adjudicated offense, or (2) a prior offense essential to categorize the defendant as a habitual offender does not actually exist." Cook v. State, 816 So.2d 773 (Fla. 2d DCA 2002).

Ex. 21 at 44.

The trial court denied the motion, stating:

Defendant's argument has no merit. The pertinent language in Florida's HFO statute is as follows:

(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:

(3) The felony for which the defendant is to be sentenced, and **one of the two prior felony convictions,** is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.

§ 775.084(1)(a)(3), Fla. Stat. (2008). (Emphasis added.)

Defendant's sentence is not illegal because he was properly classified as an HFO pursuant to the HFO statute. Possession of a Firearm by a Convicted Felon, the underlying felony, was not a violation of section 893.13. Furthermore, one of the two prior felony convictions, the February 1, 2006 conviction

- 28 -

> for Shooting or Throwing Deadly Missiles, was
> not a violation of section 893.13. (Exhibit
> "D.") Defendant seems to have read the statute
> to mean that if **any** of the prior convictions
> were a violation of section 893.13, then he
> does not meet the requirements to be
> classified as a HFO. Defendant is mistaken.
> Defendant was properly sentenced as a HFO
> because he satisfied the requirements under
> the HFO statute, and therefore, his sentence
> is not illegal. Ground two is denied.

Ex. 21 at 44.

Petitioner appealed to the First District Court of Appeal. Ex. 22; Ex. 23. The First District Court of Appeal affirmed per curiam on July 13, 2011. Ex. 25. The mandate issued on August 9, 2011. Id.

Respondents contend, and this Court agrees, that this ground, claiming an illegal sentence based on the argument that the offense of possession of a controlled substance (cocaine) does not qualify for habitual offender sentencing, simply involves a state court's interpretation and application of Florida law. See Response at 58. Petitioner has presented a state law claim, not a claim of constitutional dimension. Since ground six presents an issue of state law that is not cognizable in this proceeding, this ground cannot provide a basis for habeas corpus relief. As a result, this ground should be dismissed. Petitioner is not entitled to relief on ground six.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[7]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of November, 2014.

_____
BRIAN J. DAVIS
United States District Judge

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

```
sa 11/13
c:
Jamail D. Ziegler
Counsel of Record
```